John M. Lingelbach (*Admitted Pro hac vice*)
John.lingelbach@koleyjessen.com
Addison K. Schneider (*Pro hac vice forthcoming*)
Addison.schneider@koleyjessen.com
**KOLEY JESSEN P.C., L.L.O**
One Pacific Place, Suite 800
1125 S 103 Street
Omaha, NE 68124
(402) 390-9500

Adam Alba (13128)
alba@mcpc.law
**MAGLEBY CATAXINOS & GREENWOOD, PC**
141 West Pierpont Avenue
Salt Lake City, Utah 84101
(801) 359-9000

*Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TKC EL CENTRO LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CARDNO, INC., a Delaware corporation, STANTEC CONSULTING SERVICES, INC., a New York corporation, and CMT TECHNICAL SERVICES, INC., a Delaware corporation, <br><br> Defendants. | CASE NO: 2:24-cv-00308- CMR <br><br><br> **PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND REQUEST FOR STAY** <br><br><br> Magistrate Judge Cecilia M. Romero |

Plaintiff TKC El Centro, LLC ("TKC El Centro" or "Plaintiff") submits this Motion to Allow Jurisdictional Discovery and Request for Stay of Motion to Dismiss.

**Relief Requested and Grounds for Relief**

Plaintiff requests that the Court stay the briefing and resolution of the Motion to Dismiss filed by Defendant Stantec Consulting Services, Inc. ("Stantec"), and allow Plaintiff to conduct limited discovery regarding diversity jurisdiction over said Defendant.  In its motion to dismiss, Stantec alleges that its principal place of business is in Denver, Colorado.  However, in recent years, Stantec has alleged in various court filings that its principal place of business is *also* in Scarborough, Maine; Burlington, Massachusetts; Edmonton, Alberta, Canada; and Broomfield, Colorado.  And those are only the locations that Plaintiff was able to find in a limited search of publicly available court filings.  The alleged lack of diversity jurisdiction is Stantec's leading and primary argument in support of its motion to dismiss.  Given Stantec's sundry and confusing positions regarding its principal place of business, the Court should order a brief stay to allow for limited jurisdictional discovery, as set forth more fully below.

**Statement of Facts**

1.     This action concerns professional geotechnical consulting services to be provided pursuant to a certain Master Agreement for Professional Services, an agreement to which Defendant Cardno is a party.  (Doc. 1).

2.     Plaintiff named Stantec as a party because Stantec acquired Cardno.  (Doc. 1)

3.     Stantec filed a Motion to Dismiss, arguing that TKC El Centro and Stantec are not diverse in citizenship under 28 U.S.C. §1332. (Doc. 12).

4.     In its motion, Stantec alleges that its principal place of business is in Denver, Colorado because such is the listed office address for Stantec on the Utah Secretary of State's website. (Doc. 12, pp. 9, Ex. 3).

5.     Notwithstanding Stantec's representations in its motion to dismiss, and as set

forth in the Declaration of Mr. Adam Alba (attached as Exhibit A), Stantec has admitted or
alleged different principal places of business in the following lawsuits[1]:

    a.  *Stantec Consulting Services, Inc. v. Quanta Power Generation, Inc.,* No. 3:16-CV-
00162 (United States District Court for the District of Alaska), alleging that its
principal place of business is Scarborough, Maine. *See* Exhibit A-1.

    b.  *Town of Plymouth v. Veolia Water North America- Northeast, LLC, et al.*, No.
1:16-CV-10451, (United States District Court for the District of Massachusetts),
admitting that its principal place of business is located at 5 Burlington Woods,
Burlington, MA 01803. *See* Exhibit A-2.

    c.  *Stewart Title Guaranty Co. v. Stantec Consulting Services, Inc.,* No. 2:16-CV-
5342 (United States District Court for the Eastern District of Pennsylvania),
alleging that its principal place of business is Edmonton, Alberta, Canada. *See*
Exhibit A-3.

    d.  *Fujifim Dimatix, Inc. v. Stantec Consulting Services, Inc.*, No. 1:15-CV-00348
(United States District Court for the Eastern District of New Hampshire), alleging
its principal place of business is Edmonton, Alberta, Canada. *See* Exhibit A-4.

6.    Additionally, according to Stantec's website, Stantec has more than 450 locations
globally, across six (6) continents, including 189 offices in the United States. *See* Exhibit A-5.

7.    According to its website, Stantec's global leadership team consists of seven (7)
officers, none of whom are listed as based in the Denver, Colorado office. *See* Exhibit A-6.

8.    Upon information and belief, Stantec's President and Chief Executive Officer,

---

[1] In *Kramer v. Stantec Consulting Services, Inc.*, No. 8:20-CV-1304 (M.D. Fla. 2020), Stantec
alleged in a notice of removal that its principal place of business is in Broomfield, Colorado.

Gord Johnston, is based in Calgary, Alberta, Canada. *See* Exhibit A-7.

9.      Upon information and belief, and according to Stantec's website, Stantec's Executive Vice President and Chief Financial Officer, Theresa Jang, is based in the Calgary, Alberta (25th Street) and Edmonton, Alberta (Stantec Tower) offices. *See* Exhibit A-6.

10.     Stantec's United States leadership team consists of fourteen (14) officers, none of whom are listed as based in the Denver, Colorado office. *See* Exhibit A-8.

11.     Upon information and belief, and according to Stantec's website, Stantec's Executive Vice President and Regional Operating Unit Growth Leader, Dave Emery, is based in the Hamilton, Ontario office. *See* Exhibit A-8.

12.     Upon information and belief, and according to Stantec's website, Stantec's Executive Vice President and Chief Growth and Innovation Officer, John Take, is based in the Pheonix, Arizona, and Tucson, Arizona, offices. *See* Exhibit A-8.

13.     According to Stantec's website, Stantec holds itself out as a company with Canadian roots.  *See* Exhibit A-9.

## Argument

The decision to stay proceedings lies within the court's discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1977). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When a dispositive motion raises a jurisdictional challenge, a stay may be appropriate. *See Behrens v. Pelletier*, 516 U.S. 299, 308–10 (1996) (noting that continued litigation can be disruptive when a dispositive motion regarding immunity is pending); *see also Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (unpublished) (affirming trial court's stay pending the resolution a claim for

immunity).

Further, the Court has the authority and discretion to permit jurisdictional discovery on the factual issues raised by a motion to dismiss for lack of jurisdiction. *See Health Grades, Inc. v. Decatur Mem'l Hosp.,* 190 F. App'x 586, 589 (10th Cir. 2006) (unpublished) (reversing district court's denial of motion to conduct jurisdictional discovery).  Indeed, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Id.* (quotations omitted). "[A] refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Id.*  Here, the jurisdictional facts are controverted, and a stay to allow jurisdictional discovery is necessary and appropriate.

First, Stantec has not made a satisfactory showing of the pertinent jurisdictional facts to establish Denver, Colorado, as its principal place of business.  A corporation's principal place of business "is a single place" within a state, such that a corporation *can only have one principal place of business* compared to all the other places where its business is transacted.  *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).  However, a single, unverified reference to a state website, which is what Stantec has presented here, is not sufficient to establish a corporation's principal place of business.  *See id.* at 97 (rejecting the argument that the mere filing of a form listing a corporation's "principal executive offices" would, without more, be sufficient proof to establish a corporation's "nerve center").  Thus, Stantec's unverified reference to a state website to establish a "principal place of business" is insufficient.

Second, preliminary evidence shows that Stantec's officers and/or members do not actually direct, control, and coordinate Stantec's operations from Denver, Colorado.  In recent years, Stantec has represented to other courts that its principal place of business is in Canada,

Massachusetts, and Maine, as reflected in the Statement of Facts above.

Thus, Dismissing Stantec from this action for lack of subject matter jurisdiction with these facts would be improper and premature.  The Court should allow Plaintiff to conduct limited jurisdictional discovery to ascertain facts establishing where Stantec's officers actually direct, control, and coordinate Stantec's operations. *See Id.*  Without this discovery, Plaintiff will be substantially prejudiced. *See Turner W. Branch, P.A. v. Osborn,* No. CV 13-00110 MV/WPL, 2014 WL 12593991, at *8 (D.N.M. Mar. 26, 2014) (unpublished) ("Prejudice is present if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary.") (citing *Health Grades, Inc.*, 190 F. App'x at 589). Granting Plaintiff's request for limited jurisdictional discovery will ensure the Court is fully informed on the pertinent jurisdictional facts and avoid undue prejudice to Plaintiff, which, without leave from this Court, is unable to ascertain a more satisfactory showing of the pertinent jurisdictional facts regarding Stantec's principal place of business.

## Conclusion

Plaintiff asks this Court for an Order allowing Plaintiff to conduct jurisdictional discovery for a period of ninety (90) days, subject to a further extension that may be requested by Plaintiff which may be granted at this Court's discretion, and for an Order staying Defendant's Motion to Dismiss until after Plaintiff is allowed to conduct such limited jurisdictional discovery.

Dated this 12th day of June 2024.

**KOLEY JESSEN, P.C., L.L.O**

John Lingelbach
Addison K. Schneider

6

**MAGLEBY CATAXINOS & GREENWOOD, PC**

/s/ Adam Alba_____
Adam Alba

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS &

GREENWOOD, P.C., 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to

Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing

**PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND REQUEST FOR**

**STAY** was delivered to the following this 12th day of June 2024, by:

[  ] Hand Delivery

[  ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[  ] Electronic Mail


Clint R. Hansen
   chansen@fabianvancott.com
David P. Billings
   dbillings@fabinavancott.com
FABIAN VANCOTT
95 South State Street, Suite 2300
Salt Lake City, Utah 84111

Attorneys for Defendants Cardno, Inc., and
Stantec Consulting Services, Inc.



/s/ H. Evan Gibson