# Exhibit 1

Terence J. Scanlan, ABA #1103012
SKELLENGER BENDER, P.S.
1301 – 5th Avenue, Ste. 3401
Seattle, WA 98101-2605
Telephone:  206-623-6501
Facsimile:  206-446-1973
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| STANTEC CONSULTING SERVICES INC., | NO. |
|---|---|
| Plaintiff, | |
| v. | COMPLAINT |
| QUANTA POWER GENERATION, INC., | |
| Defendant. | |

## I.     INTRODUCTION

This dispute arises from engineering, procurement and construction of the George M. Sullivan Plant 2A Expansion Project ("the Project") owned by Municipal Light & Power ("ML&P") in Anchorage, Alaska.  The Project included the engineering, procurement and construction of a combined cycle power plant to provide approximately 120 megawatts of electric power.  Quanta Power Generation, Inc. ("QPG"), was the engineering, procurement and construction ("EPC") contractor under a contract with ML&P.  Stantec Consulting Services Inc. ("Stantec") designed portions of the project under a subcontract with QPG. Stantec suffered damages including unpaid change orders and additional labor costs through lost productivity on account of QPG's mismanagement of the project and failure to administer and perform the work consistent with the contract and accepted industry standards.  QPG's mismanagement of the project includes, by way of example, failure to issue a formal Request

COMPLAINT – 1

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3-016 1389318.docx

for Proposals defining the project requirements, QPG's specific responsibilities and scope of work; the scope and responsibilities of Quanta's multiple engineering consultants, contractors and its equipment suppliers/vendors; failure to coordinate and integrate the activities of its various consultants, contractors and vendors into an overall project critical path schedule consistent with the contract and industry standards; failure to timely coordinate and expedite critical vendor data required to support Stantec's design efforts; and ordering Stantec to provide drawings out of sequence prior to receipt of critical vendor data.  Stantec seeks to recover the damages caused by QPG.

## II.     PARTIES

1. Stantec Consulting Services Inc. ("Stantec") is a New York corporation with a principle place of business at 482 Payne Rd., Scarborough, Maine.

2. Quanta Power Generation, Inc. ("QPG"), is a Delaware corporation with a principle place of business at 5445 DTC Parkway, Suite 1200, Greenwood Village, Colorado.

## III.    JURISDICTION

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1) as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## IV.    VENUE

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the property is situated, in this district.

5. Venue is appropriate in this district as the parties agreed any lawsuit arising from their contract may be filed in this court.

## V.     FACTUAL ALLEGATIONS

6. In August 2013, QPG contacted Stantec to discuss a potential opportunity to provide engineering services on the Project.

COMPLAINT – 2

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3-016  1389318.docx

7. On October 3, 2013, Stantec and QPG met to discuss the Project.

8. At that meeting Stantec presented to QPG a series of binders detailing its proposed approach to the Project.

9. QPG provided Stantec no formal request for proposal or documents outlining QPG's requirements for the Project.

10. QPG provided Stantec no documents outlining Stantec's anticipated scope of work at that time.

11. On or about December 1, 2013, QPG and Stantec signed a Limited Engineering Release Agreement.

12. On December 10, 2013, QPG entered into a fixed-price EPC contract with ML&P for the Project ("EPC Contract").

13. According to the Schedule of Values appended to the EPC Contract, the total contract value was $199,835,032.

14. As a fixed-price contract, QPG was responsible for any cost overruns resulting from its own failure to manage the work efficiently.

15. QPG's responsibilities under the EPC Contract included, without limitation, the following items:

    a. providing a turnkey, fully-operational project for the total contract value in accordance with the terms of the contract, applicable industry standards, and prudent industry practice, and meeting the terms of the specifications and project guarantees;

    b. providing detailed design and engineering of the Project, including equipment and material specifications, all required civil works and plant structures, drawings, schedule, software, and coordination of engineering efforts of subcontractors, as more fully set forth in the specifications; and

    c. procuring and handling of material and equipment to be incorporated into the project, including expediting.

COMPLAINT – 3

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

Case 3:16-cv-00162-SLG   Document 1   Filed 08/01/16   Page 3 of 8

3-016  1389318.docx

16. On or about February 4, 2014, QPG and Stantec executed Change Order No. 1 to the Limited Engineering Release Agreement.

17. Stantec performed services pursuant to Change Order No. 1.

18. On April 7, 2014, QPG and Stantec entered into a Subcontract Agreement for Stantec to provide engineering services on the Project.

19. The base contract amount of the Subcontract Agreement was $7,356,000.00 which included the prior Limited Engineering Release amount of $913,076.26.

20. The EPC Contract was incorporated into the Subcontract Agreement subject to the terms and conditions of the Subcontract Agreement.

21. The scope of Stantec's work was defined in the Subcontract Agreement as Subcontract Work with reference to Stantec's Scope of Work attached as Annex 1 to the Subcontract Agreement.

22. The Subcontract Agreement further referenced the EPC Contract and specifications as necessary to perform the Subcontract Work and in the event of conflict then the Subcontract Scope of Work shall govern.

23. QPG retained responsibility to prepare and maintain the project schedule, coordinate the engineering efforts of its subcontractors, and procure and expedite equipment and materials.

24. Under the terms of the Subcontract Agreement, QPG retained the right to direct Stantec to perform additional work outside the scope of the Subcontract Agreement subject to additional compensation and/or schedule relief to Stantec.

25. QPG issued change orders to Stantec to perform work outside the scope of the Subcontract Agreement.

26. QPG failed, neglected, and refused to pay Stantec on account of change orders totaling in excess of $800,000.

COMPLAINT – 4

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

Case 3:16-cv-00162-SLG   Document 1   Filed 08/01/16   Page 4 of 8

3-016  1389318.docx

27. QPG failed to prepare and maintain the project schedule in accordance with applicable industry standards and prudent industry practice.

28. QPG failed to procure, coordinate and expedite equipment, materials, and critical vendor information to support the project schedule in accordance with applicable industry standards and prudent industry practice.

29. The Subcontract Agreement provided for liquidated damages of $500/day tied to specific drawings "Deliverables" and specific dates "Completion Date."

30. The Subcontract Agreement provided that the "Completion Date is based on receipt of final, certified vendor drawings six weeks prior to the Completion Date. Subcontractor shall receive day for day extension of the Completion Date for late vendor drawings, delays caused by Contractor or other subcontractors or delays caused by the Owner."

31. QPG failed to issue final certified vendor drawings in accordance with the schedule.

32. QPG ordered Stantec to provide drawings before it had complete vendor drawings.

33. As a result of QPG's failure to prepare and maintain the project schedule, and procure and expedite equipment, materials, and vendor information in accordance with the contract documents and accepted industry standards, Stantec suffered direct damages in the form of lost productivity in an amount exceeding $1.6 million.

## VI.  FIRST CAUSE OF ACTION
### (Breach of Contract)

34. Stantec realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. Stantec has performed all conditions, covenants, obligations, and promises required to be performed on its part under the herein referenced change orders, or has been

COMPLAINT – 5

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3-016  1389318.docx

excused from so doing by the actions and or omissions of defendants or by operation of law, but has not been paid in full for its work.

36.     Stantec incurred various damages, including delay and impact damages, changes to the Project causing added costs and time, directions requiring Stantec to work out of the normal and industry standard sequence causing added costs and time, late payment of progress payments, wage and material escalation costs, and other similar damages. The causes of such damages were not the fault of or caused by Stantec, and said damages increased or contributed to the value of the work on the Project. As a result of the various damages that Stantec incurred, the total value of the work rendered by Stantec increased.

37.     Defendants have breached the Subcontract Agreement by failing and refusing to timely pay Stantec for all labor and material provided in connection with the Project.

38.     As a direct and proximate result of defendants' breach, Stantec has suffered damage in the amount of at least $2.4 million, the exact amount to be proven at trial, together with interest thereon at the maximum legally permissible rate.

### VII.   SECOND CAUSE OF ACTION
**(Unjust Enrichment and Quantum Meruit)**

39.     Stantec realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40.     Alternatively, to the extent it is asserted or established that Stantec provided extra services, labor and materials to the Project at the request of QPG and such labor and materials were received and accepted by QPG, which substantially improved and benefited the Project and which QPG knew or should have known Stantec expected to be paid for, Stantec is entitled to recover those amounts.

41.     QPG is indebted to Stantec for at least $2.4 million the reasonable value of services, the exact amount to be proven, together with interest thereon at the maximum legally permissible rate.

COMPLAINT – 6

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605

## VIII.   THIRD CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

42. Stantec realleges and incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

43. QPG directed Stantec to perform work on the Project and then refused to compensate Stantec for that work.

44. As a direct and proximate result, QPG breached the implied covenant of good faith and fair dealing.

45. Stantec has incurred damages in excess of $2.4 million, the exact amount to be proven at trial.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Stantec Consulting Services Inc. prays for judgment on all causes of action to be entered in its favor against QPG as follows:

1. For the principal sum of at least $2.4 million;

2. For pre and post judgment interest at the maximum legal rate from a date according to proof;

3. For costs of suit incurred herein, including but not limited to reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

Dated this 1st day of August, 2016.

                s/ Terence J. Scanlan
Terence J. Scanlan, ABA #1103012
SKELLENGER BENDER, P.S.
1301 – 5th Avenue, Ste. 3401
Seattle, WA 98101-2605
Telephone:  206-623-6501
Facsimile:  206-446-1973
Email:  tscanlan@skellengerbender.com

                s/ Christopher D. Hawkins
Christopher D. Hawkins
DEVINE MILLIMET & BRANCH, P.A.

skellengerbender

COMPLAINT – 7

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3-016  1389318.docx

| | |
|---|---|
| 1 | |
| 2 | 111 Amherst Street<br>Manchester, NH 03101<br>Telephone:  603-695-8530<br>Facsimile:  603-518-2477<br>Email:  chawkins@devinemillimet.com |
| 3 | |
| 4 | Attorneys for Plaintiff Stantec Consulting Services, Inc. |

COMPLAINT – 8

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605

3-016  1389318.docx