THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TKC EL CENTRO LLC, an Arizona limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**CARDNO, INC., a Delaware corporation, STANTEC CONSULTING SERVICES, INC., a New York Corporation, and CMT TECHNICAL SERVICES, INC., a Delaware corporation,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>Case No. 2:24-cv-00308 DAK<br><br>District Judge Dale A. Kimball |

This matter is before the court on Plaintiff TKC El Centro LLC's ("TKC") Motion for Jurisdictional Discovery and Request for Stay.[1] Defendant Stantec Consulting Service, Inc., which is the successor in interest to Cardno, Inc. ("Stantec"), had previously filed a Motion to Dismiss the claims against it.[2] In its Motion to Dismiss, Stantec argues, among other things, that the court lacks diversity jurisdiction because Stantec's principal place of business is Colorado—not Utah, as Plaintiff alleged in the Complaint. At least one member of Plaintiff (which is an LLC) resides in Colorado, which would destroy diversity jurisdiction, if Stantec's principal place of business is located in Colorado. Because this court must satisfy itself that it has subject matter

---

[1] ECF No. 15.
[2] ECF No. 12.

jurisdiction before addressing any other argument, the court will decide the jurisdictional issue first.

In arguing that this court does not have diversity subject matter jurisdiction, Stantec relies solely on the fact that Denver is listed as its principal place of business on the Utah Secretary of State's website. TKC, however, in its Motion for Jurisdictional Discovery, argues that Stantec has alleged in various court filings in recent years that its principal place of business is in Scarborough, Maine; Burlington, Massachusetts; Edmonton, Alberta, Canada; and Broomfield, Colorado. TKC also asserts that under the United States Supreme Court's ruling in *Hertz Corp. v. Friend*, the mere filing of a form listing a corporation's "principal executive offices" is not sufficient proof of a corporation's "nerve center."[3] TKC contends that jurisdictional discovery will likely demonstrate that the court has jurisdiction because the preliminary evidence suggests that Stantec's principal place of business is *not* Denver. Accordingly, TKC seeks to conduct limited jurisdictional discovery to ascertain facts establishing where Stantec's officers actually direct, control, and coordinate Stantec's operations.

Stantec, on the other hand, argues that "unless Plaintiff can establish by a preponderance of the evidence that Utah, not Colorado, is Stantec's nerve center, this case must be dismissed for lack of federal jurisdiction."[4] Stantec, however, is wrong. Complete diversity will exist in this case if the court determines that Stantec's principal place of business is determined to be any state in which a member of TKC is not a citizen, which TKC asserts is any state other than Colorado, Arizona, or California. Although TKC alleged in the Complaint that Utah was the Stantec's

---

[3] 559 U.S. 77, 97 (2010).
[4] ECF No. 12 at 9.

principal place of business, the court will permit TKC to file an amended Complaint if jurisdictional discovery reveals that the principal place of business is elsewhere.

The court has the authority and discretion to permit jurisdictional discovery on the factual issues raised by a motion to dismiss for lack of jurisdiction.[5] Indeed, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[6] Indeed, "a refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."[7] Here, TKC has demonstrated that the jurisdictional facts are controverted, and allowing jurisdictional discovery is necessary and appropriate.

In its motion, TKC also requested a stay regarding the Motion to Dismiss, but the Motion to Dismiss had already been fully briefed when the instant case was reassigned to the undersigned judge. The court, however, will not consider the Motion to Dismiss until after jurisdictional discovery has been completed. At that point, if necessary, either party may seek leave to file supplemental memoranda regarding subject matter jurisdiction. If, however, TKC files an Amended Complaint pertaining to Stantec's principal place of business, the current Complaint will no longer be the operative Complaint, and the pending Motion to Dismiss will therefore be terminated as moot, and Stantec will need to file a new motion, which would be briefed under the time limits set forth in the local rules.

---

[5] *See Gregory v. Prepared Food Photos, Inc.*, 1:23-cv-00111, 2024 WL 1213987, *1, (Mar. 21, 2024 D. Utah); *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (unpublished) (reversing district court's denial of motion to conduct jurisdictional discovery).
[6] *Id.* (quotations omitted).
[7] *Id.*

Accordingly, IT IS HEREBY ORDERED that TKC's Motion for Jurisdictional Discovery [ECF No. 15] is GRANTED. TKC may conduct discovery limited to jurisdictional issues through October 31, 2024, subject to further extensions that may be requested by TKC.

Dated this 22nd day of July 2024.

BY THE COURT:

Dale A. Kimball
United State District Judge