IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TKC EL CENTRO LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CARDNO, INC., a Delaware corporation, STANTEC CONSULTING SERVICE, INC., a New York corporation, and CMT TECHNICAL SERVICES, INC., a Delaware corporation,<br><br>Defendants. | ORDER DENYING [25] DEFENDANTS' SHORT FORM DISCOVERY MOTION REGARDING JURISDICTIONAL DISCOVERY AND DENYING [26] PLAINTIFF'S COUNTER-SHORT FORM DISCOVERY MOTION TO COMPEL<br><br>Case No. 2:24-cv-00308-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 23). Before the court is Defendant Stantec Consulting Service, Inc., individually and as successor in interest to Cardno, Inc.'s (Stantec) Short Form Discovery Motion (Motion) (ECF 25) regarding jurisdictional discovery sought by Plaintiff TKC El Centro, LLC (Plaintiff). The court also considers Plaintiff's Response (ECF 26), which includes a Counter-Short Form Discovery Motion to Compel Jurisdictional Discovery (Counter-Motion) (*see id.*). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion and DENIES the Counter-Motion.

I.  BACKGROUND

On April 29, 2024, Plaintiff initiated this action by filing the Complaint (ECF 1). In the Complaint, Plaintiff indicated that it is a limited liability corporation, with its individual members

1

being citizens of Colorado, Arizona, and California (*id.* at 2). Plaintiff further alleged that this court has diversity jurisdiction under 28 U.S.C. §1332 over the matter because the principal place of business for each of the defendants, which are all corporations, is in Utah (*id.*).

In response, on May 21, 2024, Stantec filed a Motion to Dismiss the Complaint (ECF 12). In its Motion to Dismiss, Stantec argued that the court "lacks diversity jurisdiction" over this matter because Stantec's "principal place of business is Colorado," which is "the same state as at least one member of Plaintiff" (*id.* at 1). This, in turn, prompted Plaintiff to file a Motion to Allow Jurisdictional Discovery and Request for Stay of Motion to Dismiss (ECF 15). According to Plaintiff, while Stantec had alleged in the Motion to Dismiss that its principal place of business is in Denver, Colorado, in various other court filings over the years, Stantec has also indicated that its principal place of business is in "Scarborough, Maine; Burlington, Massachusetts; Edmonton, Alberta, Canada; and Broomfield, Colorado" (*id.* at 2). Given Stantec's differing positions regarding its principal place of business, Plaintiff requested an order to stay the proceedings to allow for limited jurisdictional discovery to discern whether diversity jurisdiction exists (*id.*).

After considering the relevant filings, the court issued its ruling on the matter and granted Plaintiff's motion for jurisdictional discovery (ECF 24). Specifically, the court found that Plaintiff "has demonstrated that the jurisdictional facts are controverted, and allowing jurisdictional discovery is necessary and appropriate" (*id.* at 3). The court further noted that it "will not consider the Motion to Dismiss until after jurisdictional discovery has been completed" (*id.*). Based on this ruling, the court allowed Plaintiff to "conduct discovery limited to jurisdictional issues through October 31, 2024, subject to further extensions that may be requested by [Plaintiff]" (*id.* at 4).

On September 10, 2024, with over a month and a half left before the limited discovery deadline was set to expire, Stantec filed the present Motion (ECF 25). In the Motion, Stantec

indicates that it had recently determined its "nerve center" is in Pennsylvania, which would establish diversity jurisdiction over the matter, thus rendering any additional discovery on the issue unnecessary (*id*. at 1–2). According to Stantec, they had a declaration from Susan Reisbord, the Executive Vice President of Environmental Services for Stantec, which indicated that the "principal place of the environmental services business" of Stantec is in Pennsylvania (Reisbord Declaration) (ECF 25-1 at 10–13). Specifically, Ms. Reisbord indicated that she "direct[s] and control[s] the core environmental services business" of Stantec from Pennsylvania, and certain financial, policy, and human resources decisions for the environmental services business are also made in Pennsylvania (*id.* at 11–12). Based on the Reisbord Declaration, Stantec sought to end the jurisdictional discovery and indicated that it would stipulate to an amendment of the Complaint, and would further remove from its Motion to Dismiss any argument related to diversity jurisdiction (ECF 25 at 1). According to Stantec, Plaintiff rejected their proposal (*id.*). Thus, Stantec filed the Motion, arguing that any additional jurisdictional discovery is unnecessary as the Reisbord Declaration sufficiently established diversity jurisdiction (*id.* at 2). In an effort to avoid additional discovery on the issue, Stantec requests an order that (1) "determin[es] that complete diversity exists based on the Reisbord Declaration," (2) protects Stantec from Plaintiff's "revised discovery requests," including a Rule 30(b)(6) deposition, and (3) awards Stantec attorney fees and costs incurred in filing the Motion (*id.* at 3).

Shortly thereafter, Plaintiff filed its Response to the Motion, which was combined with its Counter-Motion (ECF 26). Therein, Plaintiff explained that it rejected Stantec's proposal to end the limited discovery for two reasons: (1) parties cannot stipulate subject matter jurisdiction, and (2) the Reisbord Declaration, by itself, does not establish that Stantec's principal place of business is in Pennsylvania (*id.* at 2). As part of its Counter-Motion, Plaintiff apparently requests that the

3

court enter an order compelling Stantec to engage with its jurisdictional discovery requests (*see generally id.*).

After the Motion and Counter-Motion had been filed, Plaintiff filed a Motion for Extension of Time to Complete Jurisdictional Discovery (ECF 28). Plaintiff indicated that it had attempted to pursue discovery in a timely and diligent manner, but Stantec "has refused to provide any responses, opting instead to file [the Motion]" (*id.* at 2). Accordingly, Plaintiff requested an extension of the jurisdictional discovery deadline (*id.*). The court granted Plaintiff's request, entering a docket text order, stating that the jurisdictional discovery deadline would be extended to ninety days after entry of the court's ruling on the Motion (ECF 29).

## II. LEGAL STANDARDS

Parties to a litigation cannot confer subject-matter jurisdiction upon a federal court through consent. *New Mexico v. Trujillo*, 813 F.3d 1308, 1317 n.2 (10th Cir. 2016). Federal courts therefore "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Havens v. Colorado Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

To establish diversity jurisdiction under 28 U.S.C. § 1332, it must be demonstrated that complete diversity of citizenship exists between the parties, and the amount in controversy must be at least $75,000. *See* 28 U.S.C. § 1332(a)–(b). For purposes of establishing jurisdiction, a corporation is considered to be a citizen of a State or foreign state where it is incorporated and has its principal place of business. *Id.* § 1332(c)(1). What's more, as indicated by the Supreme Court of the United States, the best interpretation of "principal place of business" is "as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."

4

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). This is often referred to as the corporation's "nerve center." *Id.* at 93. The Supreme Court has further held that,

> in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* In essence, "the nerve center test is an inquiry to find the one location from which a corporation is ultimately controlled. Put slightly differently, the federal court is to look for the place where the buck stops. And where it does, well, that's the corporation's nerve center and principal place of business." *Xat.com Ltd. v. Hosting Servs., Inc.*, No. 1:16-cv-00092-PMW, 2019 WL 2023768, at *2 (D. Utah May 8, 2019) (quoting *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 41 (1st Cir. 2016)).

When it comes to discovery disputes, "the party seeking discovery has the burden of showing relevance," but the "party resisting discovery has the burden of showing undue burden or expense." *United States ex rel. Polukoff v. Sorensen*, No. 2:16-cv-00304-TS-DAO, 2020 WL 4904164, at *7 (D. Utah Aug. 20, 2020) (quoting *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 381 (D.N.M. 2018)). What's more, where a party objects to discovery on the grounds of relevance, a "good-cause standard" applies, and the court must determine "whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188–89 (10th Cir. 2009) (quoting Fed.R.Civ.P. 26 advisory committee's note (2000)).

As for motions to compel, the Federal Rules of Civil Procedure provide that "a party may move for an order compelling disclosure or discovery" if they have also satisfied the relevant requirements to confer or attempt to confer with the opposing party. *See* Fed. R. Civ. P. 37(a)(1).

However, under the court's Local Rules of Civil Practice for the District of Utah, "[a] party may not make a motion . . . or a cross-motion in a response or reply. Any motion must be separately filed." DUCivR 7-1(a)(3).

### III. DISCUSSION

#### A. Stantec's Discovery Motion

Beginning with Stantec's Motion, the court notes that Plaintiff has correctly pointed out that parties cannot stipulate to subject matter jurisdiction (ECF 26 at 2). *See Trujillo*, 813 F.3d at 1317 n.2. Accordingly, Stantec's proposal to stipulate to an amendment of the Complaint and to voluntarily drop its diversity argument in the Motion to Dismiss (*see* ECF 25 at 1) does not conclusively establish that this court has subject matter jurisdiction over the dispute. The court therefore focuses its analysis on determining whether Stantec has sufficiently established that it should be protected from any further jurisdictional discovery because, in Stantec's view, such discovery is irrelevant and unnecessary (*id.* at 2–3).

In response to Stantec's Motion, Plaintiff argues that the Reisbord Declaration is not sufficient to establish the location of Stantec's "nerve center" because the relevant test set forth by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "requires consideration of corporate structure, not just business activity" (ECF 26 at 2). This is consistent with this court's previous statement that "[m]ere control of a corporation's day-to-day operations from a particular location is insufficient under *Hertz* to demonstrate that said location is the corporation's principal place of business; instead, a corporation's principal place of business is the location from which the corporation is directed and controlled." *Xat.com Ltd.*, 2019 WL 2023768, at *3; *see also Hertz*, 559 U.S. at 96 ("[I]f the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the

6

'principal place of business' is New York."). While the court need not decide at this point in the litigation whether the Reisbord Declaration sufficiently establishes complete diversity of citizenship between the parties, the court agrees with Plaintiff that the relevant test appears to be more intensive and requires more information than a single declaration, demonstrating that certain "day-to-day operations" are controlled from one particular location, can provide. *See e.g.*, *Xat.com Ltd.*, 2019 WL 2023768, at *3. Thus, additional discovery in this matter related to jurisdiction does appear to be necessary.

Turning to Stantec's relevancy argument, as previously noted, the court has already determined that Plaintiff demonstrated that the jurisdictional facts in this matter are controverted; thus, the court determined that jurisdictional discovery was necessary and appropriate (ECF 25 at 3). When a party such as Stantec objects to discovery on the grounds of relevance, the court must determine "whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." *In re Cooper Tire & Rubber*, 568 F.3d at 1188–89 (quoting Fed.R.Civ.P. 26 advisory committee's note (2000)). Here, based on the court's earlier ruling, and the arguments presented by the parties, the court determines that the jurisdictional discovery being sought is still relevant. Moreover, considering the relevant test set forth in *Hertz*, the court agrees with Plaintiff that good cause exists for allowing further discovery related to this issue. *See* 559 U.S. at 92–93.

It appears to the court that Stantec's remaining arguments are that the additional discovery sought by Plaintiff related to jurisdiction is disproportionate or otherwise inappropriate at this juncture (ECF 25 at 1–3). As the party resisting discovery, Stantec "has the burden of showing undue burden or expense." *See Polukoff*, 2020 WL 4904164, at *7 (D. Utah Aug. 20, 2020) (quoting *Landry*, 323 F.R.D. at 381). According to Stantec, "there is no need for further factual

7

development" related to diversity jurisdiction because the requested discovery will not change the jurisdictional analysis (ECF 25 at 3). While that may be true, the court does not find, given the situation, that Stantec has sufficiently established that additional discovery related to jurisdiction would be unduly burdensome or be of great expense. Moreover, Stantec's argument to the contrary carries even less weight considering that, according to Plaintiff, Stantec has indicated in various court filings over the years that its principal place of business is in Maine, Massachusetts, Canada, Colorado, and now Pennsylvania (ECF 15). The court therefore agrees with Plaintiff that a protective order is not necessary and jurisdictional discovery should continue as originally anticipated by the court's earlier order (*see* ECF 24).

For the foregoing reasons, the court determines that Stantec's Motion is denied.

## B. Plaintiff's Cross-Motion

Next, the court turns to Plaintiff's Cross-Motion (ECF 26). Federal Rule of Civil Procedure 37 allows parties to submit such motions to compel, however, the court's Local Rules of Civil Practice for the District of Utah provide that "[a] party may not make a motion . . . or a cross-motion in a response or reply." DUCivR 7-1(a)(3). Accordingly, "[a]ny motion must be separately filed." *Id.* Plaintiff's Cross-Motion was not filed separately and, instead, was made within its response to Stantec's Motion (*see* ECF 26). Plaintiff's requests related to its Counter-Motion are therefore not properly before the court.

Even though Plaintiff's Counter-Motion is procedurally improper, the court further notes that Plaintiff's requests are also somewhat mooted by this ruling, denying Stantec's request for a protective order, and the court's order granting an extension of the jurisdictional discovery deadline (ECF 19). Jurisdictional discovery will therefore resume upon entry of this ruling and there are no longer any pending motions to prevent such discovery from taking place. If other

issues arise in the discovery process, Plaintiff may file a renewed motion to compel at that time if necessary.

### III. CONCLUSION AND ORDER

Accordingly, Stantec's Short Form Discovery Motion Regarding Jurisdictional Discovery (ECF 25) is DENIED. Plaintiff's Counter-Short Form Discovery Motion to Compel Jurisdictional Discovery (ECF 26) is also DENIED. The parties are further ORDERED, in accordance with ECF 29, to resume jurisdictional discovery and have it completed within ninety (90) days after entry of this ruling.

IT IS SO ORDERED.

DATED this 18 November 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah